IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ROBERT KEVIN MCCRAY, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:17-CV-72 (LJA) |
| GRADY COUNTY, GEORGIA, | : | |
| Defendant. | : | |

## ORDER

Before the Court are Plaintiff Robert Kevin McCray's Complaint, Doc. 1, and Motion to proceed *in forma pauperis*, Doc. 3. Plaintiff is currently a detainee at the Thomas County Jail on charges unrelated to this action. Docs. 1-1 at 1; 3 at 5. On April 25, 2017, pursuant to 28 U.S.C. § 1915(a), this Court Ordered Plaintiff to provide a certified copy of his trust account within twenty-one (21) days. Doc. 4. On May 8, 2017, Plaintiff timely submitted a copy of his trust account. Doc. 5. For the reasons stated below, Plaintiff's Motion is **DENIED**, and Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

### A. Motion to proceed *in forma pauperis*

District courts follow a well-established two-step procedure when processing complaints filed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Id.* "Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious" under 28 U.S.C. § 1915(e)(2)(B). *Id.* Although a litigant does not have to prove he is destitute to proceed *in forma pauperis* under § 1915(a), he must show that "the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself

and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (punctuation omitted).

Plaintiff fails to make the requisite showing. Plaintiff's *in forma pauperis* application and copy of his trust account show that Plaintiff's average monthly income is approximately $317.00 and that his average prison monthly expenses are approximately $200.00. Doc. 5. No person relies on Plaintiff for support. Doc. 3 at 3. Plaintiff's trust account has an average monthly balance of approximately $494.00. Doc. 5. On the date Plaintiff filed the Motion, his account balance was $610.23. *Id.* The filing fee is $400.00.[1] Thus, Plaintiff does not qualify as a pauper under § 1915 and must pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's Motion for leave to proceed *in forma pauperis*, Doc. 3, is **DENIED**.

### B. Screening pursuant to 28 U.S.C. § 1915A

Because Plaintiff's Complaint indicates that he is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his allegations. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Under § 1915A, a pleading is subject to dismissal prior to service if a court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply when reviewing whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(A). *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). Thus, the complaint must plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A complaint must contain either direct or

---

[1] *See Fee Schedules*, United States District Court for the Middle District of Georgia, http://www.gamd.uscourts.gov/fee-schedules (last visited June 5, 2017).

2

inferential allegations respecting all material elements of a cause of action." *Green v. Sec'y, Florida Dep't of Corr.*, 618 F. App'x 655, 656 (11th Cir. 2015) (punctuation omitted).

As a general matter, "'[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). Nevertheless, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *See Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). "Despite the leniency afforded *pro se* plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Plaintiff's Complaint names only one Defendant—Grady County. In his Complaint, Plaintiff alleges that he was "locked up for DUI, poss[ession] of [a] control[led] substance, [and] poss[ession] of [a] firearm[] when [Plaintiff] had not [been] drinking at all." Doc. 1. Plaintiff represents that after winning a pre-trial motion in front of Judge Cato, who ruled that the road block in Grady County that resulted in Plaintiff being charged with various offenses was invalid, Plaintiff was detained "in Grady County" for seventeen (17) months while the "D.A." appealed Judge Cato's ruling. *Id.* The appeal was unsuccessful, and Plaintiff was released from custody by Grady County. From the face of the Complaint, liberally construed, Plaintiff's Complaint appears to raise claims of malicious prosecution, false imprisonment, and false arrest—claims actionable under 28 U.S.C. § 1983 and under Georgia Law.

1. **Plaintiff's claims under § 1983**

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). To state a claim of liability against a county under §1983, Plaintiff would need to allege facts showing that the county has a policy or custom of violating the constitutional rights of individuals

3

and a direct causal link between the alleged policy and the violation of his constitutional rights. *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1330 (11th Cir.2003).

In Georgia, county jails are operated by the county sheriff. *See, e.g.*, O.C.G.A. § 42-4-4; *Manders v. Lee*, 338 F.3d 1304, 1328 (11th Cir. 2003) (en banc). Under Georgia law, a sheriff's department is not a structural part of any county administration, and counties do not exercise authority or control over the policies or customs within a sheriff's office. *Manders*, 338 F.3d at 1310. Thus, counties are generally not liable for the actions of a county sheriff. *See, e.g.*, *Grech*, 335 F.3d at 1343. Furthermore, even if a county could be held liable under § 1983 for the actions of the sheriff, the county may be held liable only when its official policy causes a constitutional violation. *Id.* at 1329. Here, Plaintiff has not alleged facts showing the existence of any Grady County policy that caused a deprivation of his constitutional rights. *See* Doc. 1. Thus, Plaintiff does not make the requisite show of causality. Based on Georgia law and Plaintiff's failure to allege an official policy by Grady County that caused the alleged violations in his complaint, s*ee* Doc. 1, Plaintiff has failed to state a § 1983 claim against Defendant Grady County.[2]

**2. Plaintiff's state-law claims**

Eleventh Amendment immunity, or sovereign immunity, bars suits brought in federal court when the State itself is sued. *Manders*, 338 F.3d at 1308. The Georgia Constitution extends sovereign immunity to all levels of government, including counties. *Gilbert v. Richardson*, 452 S.E.2d 476, 479 (Ga. 1994). Sovereign immunity "can only be waived by an Act of the [Georgia] General Assembly which specifically provides that sovereign immunity

---

[2] To the extent that Plaintiff's claim against Grady County can be construed as a distinct § 1983 claim against the sheriff's department operating the Grady County jail or against the jail itself, separate from the County, that claim is barred. "'[S]heriff's departments and police departments are not usually considered legal entities subject to suit.'" *Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006) (quoting *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)); *see also Brannon v. Thomas Cty. Jail*, 280 F. App'x 930, 934 (11th Cir. 2008) ("We note that the [] County Jail is not an entity capable of being sued under Georgia law."). Plaintiff has asserted nothing in his Complaint to challenge this general rule. Thus, Plaintiff also fails to state a claim against the sheriff's department operating the Grady County jail or against the jail itself.

4

is thereby waived and the extent of such waiver." Ga. Const. art. I, § 2, para. IX(e). Further, "[s]overeign immunity is not an affirmative defense that the governmental defendant[] must establish. Instead, it is a privilege, subject to waiver by the State, and which the party seeking to benefit from the waiver must show." *Scott v. City of Valdosta*, 634 S.E.2d 472, 476 (Ga. Ct. App. 2006); *see Denton v. Stokes*, 620 F. App'x 712, 714 (11th Cir. 2015) (affirming dismissal pursuant to § 1915A because plaintiff could not overcome defendant's immunity). Plaintiff does not allege facts in his Complaint showing that the Georgia General Assembly or Grady County has waived its sovereign immunity for the purposes of this suit. Thus, Grady County is immune from Plaintiff's state-law claims.

## CONCLUSION

Accordingly, Plaintiff's Motion for leave to proceed *in forma pauperis*, Doc. 3, is **DENIED**, and, pursuant to 28 U.S.C. § 1915A, Plaintiff's Complaint, Doc. 1, is **DISMISSED**.

District courts are instructed to give a *pro se* plaintiff an opportunity to amend his complaint before dismissing with prejudice when it appears a more carefully drafted complaint might state a claim. *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010). Accordingly, Plaintiff is hereby given leave to file a Motion to Amend his Complaint, attaching an Amended Complaint alleging legal claims that are plausible on their face, supported by facts, and not barred by sovereign or qualified immunity against appropriate defendants within **thirty (30) days** of the date of this Order. Failure to file a timely Motion to Amend will result in a dismissal with prejudice.

The dismissal of Plaintiff's Complaint prior to service does not relieve him of his obligation to pay the required $400.00 filing fee. Federal law requires that Plaintiff still pay the full filing fee. 28 U.S.C. § 1915(b)(1). Accordingly, the Clerk of Court is **DIRECTED** to forward a copy of this Order to the warden and/or prison account custodian of the facility in which Plaintiff is incarcerated so that a withdrawal from Plaintiff's account may commence as payment of the filing fee. The prison account custodian where Plaintiff is

incarcerated is **ORDERED** to immediately cause to be remitted to the Clerk of this Court the entire[3] $400.00 filing fee for the instant action. Checks should be made payable to "Clerk, U.S. District Court."

**SO ORDERED**, this 12th day of June, 2017.

          /s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] Upon receipt of this Order by Plaintiff's custodian, if the balance in Plaintiff's trust fund account is not sufficient to pay the entire $400.00 filing fee, then, in accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian (and any successor custodians) shall ensure that twenty percent (20%) of the income credited to Plaintiff's account (at the institution or facility where he is confined) be remitted to the Clerk of this Court until the $400.00 filing fee has been paid in full. Plaintiff's custodian shall forward payments from Plaintiff's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.